1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE CORDOVA, | ) | 1:11-cv-0841 AWI-BAM |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **REGARDING PLAINTIFF'S SOCIAL** |
| v. | ) | **SECURITY COMPLAINT** |
| | ) | |
| MICHAEL ASTRUE, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## BACKGROUND

Plaintiff Jose Cordova ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income ("SSI") benefits and disability insurance benefits pursuant to Titles II and XVI, respectively, of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe, for findings and recommendations to the District Court.

1

1

## FACTS AND PRIOR PROCEEDINGS[1]

Plaintiff filed an application for benefits on April 8, 2008, claiming he is unable to work due to diabetes, arthritis, depression, anxiety and asthma. AR 154. Plaintiff's application was denied initially and on reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). AR 62-63. ALJ William Thompson held a hearing and subsequently issued an order denying benefits on March 11, 2010, finding Plaintiff was not disabled. AR 17-25. This appeal followed.

### Medical Record

The entire medical record was reviewed by the Court. AR 148-407. The medical evidence will be referenced below as necessary to this Court's decision.

### Hearing Testimony

ALJ Thompson held a hearing on January 13, 2010. AR 26. Plaintiff appeared and testified; he was assisted by attorney Gina Fazio. Vocational Expert ("VE") David Dettmer also testified. AR 26.

At the time of the hearing, Plaintiff was forty-two-years old and living with his parents in Modesto, California. AR 23. Plaintiff testified that he only finished his sophomore year of high school, but obtained a GED. AR 32. Plaintiff testified that he was released from prison in 2005, that he is on welfare, and has not worked since 2005. AR 32. With regard to his previous employment, Plaintiff testified that he last worked as a part time employee for the Vial of Life Foundation. AR 33. Before that, he worked full time for Home Depot as a mill work specialist, and as a front end manager for a grocery store.

At the hearing, Plaintiff testified he suffers primarily from back and neck pain. AR 36. His back pain constantly radiates to his legs. AR 37. When asked about methods that Plaintiff uses to manage his back pain, Plaintiff testified that he attends physical therapy and takes pain medication

---

[1]     References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

but he has not had injections, or surgery.  AR 38.  Plaintiff was also prescribed a cane by his doctor, which he uses daily.  AR 38.  With regard to Plaintiff's neck pain, Plaintiff testified that his neck pain radiates down both of his arms, with a greater degree of pain in his left arm.  AR 43.

When asked about a typical day, Plaintiff stated that during the day, he lays down when his back hurts.  He does household chores, such as washing dishes and vacuuming.  Plaintiff claims he does not do the grocery shopping or attend church because he suffers from an anxiety disorder. Plaintiff does not see a psychologist or psychiatrist for his anxiety, but he does take medication.

When asked about his other ailments, Plaintiff stated that he is a diabetic.  For his diabetes, he regularly takes glucophage, a blood sugar medication.  In fact, during the hearing, Plaintiff requested a short break in order to take his medications.  AR 47.  Plaintiff  also testified that he is a smoker, smoking a pack of cigarettes about every three to four days.  Plaintiff also has very limited walking ability without the use of a cane.

Thereafter, the ALJ elicited the testimony of vocational expert David Dettmer.  AR 49-56. The expert stated that Plaintiff's past work was classified as sales of building materials, grocery clerk, and computer repair.  AR 49.  The VE was then asked to consider a  hypothetical question posed by the ALJ.

VE Dettmer was asked to assume a hypothetical worker of Plaintiff's age, education, and work experience that is capable of lifting twenty pounds occasionally and ten pounds frequently. He is capable of standing and walking in combination for at least six hours in the work day; can sit for six hours in a work day; he can occasionally bend, stoop, twist, squat, kneel and climb stairs, however should avoid climbing ladders, ropes, or scaffolding.  AR 50.  The individual should not work at heights or around hazardous moving machinery; and mentally would only be able to perform work that involved simple instructions with restricted contact with the public.  AR 50.  VE Dettmer indicated such an individual could not perform Plaintiff's past relevant work, but the individual could perform unskilled light jobs such as mail clerk, office helper, and house keeper.  AR 50-51.

**ALJ's Findings**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 17. *See 20 C.F.R. § 404.1520* (2011). More particularly, at step one, the ALJ found that Plaintiff had not worked since the alleged onset date of December 1, 2005. AR 19. At step two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical and lumbar spine, diabetes, obesity, and depression. AR 19. The ALJ found that these impairments did not meet or equal a listing at step three. AR 19.

Based on his review of the entire record, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently, to sit 6 hours and stand and walk in combination for 6 hours. AR 20. The ALJ further found that Plaintiff could perform occasional postural activities but never climb ladders, ropes, or scaffolds and never be exposed to heights or hazardous machinery. AR 20. The ALJ found that Plaintiff was limited to simple instructions and could have only restricted contact with the public. AR 20.

Relying on the testimony of a VE, the ALJ found that Plaintiff could not perform his past relevant work, but Plaintiff was capable of performing the jobs of mail clerk, office helper, and housekeeper. AR 25. At step five, the ALJ therefore concluded that Plaintiff was not under a disability as defined in the Social Security Act. AR 25.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record

as a whole must be considered, weighing both the evidence that supports and the evidence that

detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985).

In weighing the evidence and making findings, the Commissioner must apply the proper legal

standards. *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold

the Commissioner's determination that the claimant is not disabled if the Secretary applied the

proper legal standards, and if the Commissioner's findings are supported by substantial evidence.

*See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he is unable to engage in

substantial gainful activity due to a medically determinable physical or mental impairment which has

lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C.

§ 1382c (a)(3)(A).   A claimant must show that he has a physical or mental impairment of such

severity that he is not only unable to do his previous work, but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful work which exists

in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The

burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir.

1990).

Here, Plaintiff argues that the ALJ erred by (1) failing to analyze all of the impairments in

the record; (2) improperly assessing his RFC; and (3) improperly evaluating his credibility.

## DISCUSSION[2]

**A.    *Severe Impairments***

Plaintiff contends the ALJ erred by failing to include all of his severe impairments at step

two, including his "gout, HTN [hypertension], migraines, stenosis, and more, and the many

additional diagnoses from the mental CE." (Doc. 17 at 3).

In order to be entitled to benefits, the plaintiff must have an impairment severe enough to

---

[2]     The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

significantly limit the physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).  In determining whether a claimant's alleged impairment is sufficiently severe to limit the ability to work, the Commissioner must consider the combined effect of all impairments on the ability to function, without regard to whether each impairment alone would be sufficiently severe. *See Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996); *see also* 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923.  An impairment, or combination of impairments, can only be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.  *See* Social Security Ruling ("SSR") 85-28, 1985 SSR LEXIS 19; *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28, 1985 SSR LEXIS 19).  The plaintiff has the burden of establishing the severity of the impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. *See* 20 C.F.R. §§ 404.1508, 416.908.  The plaintiff's own statement of symptoms alone is insufficient. *See id.*  Indeed, "[t]he mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *see also Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999) ("Although [claimant] clearly does suffer from diabetes, high blood pressure, and arthritis, there is no evidence to support his claim that those impairments are 'severe.'").

Here, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical and lumbar spine, diabetes, obesity, and depression.  AR 19.  Without citing to any record evidence, Plaintiff contends that he has additional physical impairments of gout, HTN, migraines, stenosis, "and more," as well as unspecified mental impairments.  (Doc. 17 at 3).

Although the ALJ is not required to discuss every piece of evidence in the record, *see Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990), the ALJ properly summarized the evidence and discussed many of the impairments Plaintiff lists.  AR 20-24.  Specifically, ALJ Thompson noted that Plaintiff's hypertension was stable with medication.  AR 22.  This is supported by the treatment notes.  AR 297, 375, 367.  ALJ Thompson also noted Plaintiff's subjective complaint of joint pain due to gout, as well as, Plaintiff's mild stenosis.  AR 21, 22, 291.  Regarding the mental impairments to which Plaintiff vaguely makes reference, the ALJ noted that Plaintiff has

6

never attended therapy with a mental health professional and has no history of psychiatric hospitalizations.  AR 22, 329.

Plaintiff fails to prove that any of these impairments are severe under the regulatory definition.  An impairment is "severe" if it significantly limits a claimant's ability to perform basic work activities for at least a consecutive twelve month period.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); SSR 96-3p.  The mere existence of an impairment, or even multiple impairments, does not establish severity.  *See Verduzco,* 188 F.3d at 1089.  Plaintiff does not explain how his additional impairments are severe, let alone disabling.  A mere diagnosis alone is insufficient to establish the presence of disabling functional limitations.  *See Matthew v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993).  Thus, the ALJ's decision in this regard is free of error.

## B.   RFC Finding

Plaintiff next argues the ALJ made several errors in making his RFC assessment including: (1) failing to properly address his bending limitation, (2) failing to fully adopt the opinion of mental health examining physician Dr. Chandler; and (3) failing to consider his obesity.  (Doc. 17 at 3-4). Defendant responds that substantial evidence supports the ALJ's RFC finding that Plaintiff could perform light work with restrictions on postural activities, and with limits to activities with simple instructions and restricted public contact.  (Doc. 20 at 7).  The Court agrees with the Commissioner.

Plaintiff first argues that the ALJ's finding regarding his "occasional postural activities" is not properly defined and "requires the VE to guess at what the limits were in the hypothetical."  *See* (Doc. 17 at 3).  In particular, Plaintiff argues that the limitations concerning bending are vague.  *See* (Doc. 17 at  3-4).  Plaintiff's argument is without merit.  There is no ambiguity concerning the postural limitations assessed by the ALJ in his RFC finding.  At Plaintiff's administrative hearing, the ALJ asked the VE to consider an individual who could, among other things, "occasionally bend, stoop, twist, squat, kneel, (INAUDIBLE), and climb stairs."  AR 50.  The VE quite plainly testified that such an individual could perform the jobs of mail clerk, housekeeper, and office helper.  AR 50-51.  Thus, there is no ambiguity in the record regarding this limitation.

Plaintiff next argues that the ALJ was required to adopt Dr. Chandler's opinion that Plaintiff was restricted from all contact with the public. (Doc. 17 at 4).  Plaintiff is incorrect. The ALJ is not

required to adopt all of an examining physician's assessments.  *See e.g., Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002);  *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989) (holding the ALJ is not required to adopt all of a physician's findings to find that his opinion contains substantial evidence).  The ALJ found that the record did not support a total inability to deal with the public because Plaintiff, by his own admission, was able to ride the bus and go to the grocery store, activities which expose him to the general public.  AR 23-24, 329.

It is the responsibility of the ALJ, not a claimant's physician, to determine the RFC.  *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).  The ALJ gave some weight to Dr. Murillo's opinion that Plaintiff was not completely restricted from public contact but, in order to give Plaintiff every benefit of the doubt, assessed an RFC with restricted public contact.  AR 24, 349-350.  While Plaintiff interprets the evidence differently, the ALJ's interpretation of the evidence was reasonable and must be upheld.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("If the record would support more than one rational interpretation, we defer to the ALJ's decision").

Finally, Plaintiff argues that the ALJ should have incorporated limitations concerning his obesity into the RFC. (Doc. 17 at 4).  Plaintiff's contention again lacks merit.  The ALJ properly considered Plaintiff's obesity and its impact on his other impairments.  As an initial matter, an ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).  Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. *Burch*, 400 F.3d at 682, *citing* SSR 02-1p.

Here, Plaintiff points to no evidence before the ALJ which stated that Plaintiff's obesity limited his functioning.  *See Burch*, 400 F.3d at 682-84 (no duty to develop the record where the record does not indicate that obesity exacerbated other impairments).  Notably, Dr. Hernandez observed that Plaintiff had "decent" muscle tone, 5/5 grip strength, and that Plaintiff did not need an assistive device to walk.  AR 23, 324-325.  The ALJ also noted that "according to the evidence, the claimant has a BMI of 30.3.  Since NIH guidelines describe a BMI of 30.0 or above as 'obesity,' the claimant's BMI is consistent with obesity."  AR 23.  The ALJ then found that Plaintiff's obesity

8

was severe. However, a mere diagnosis of an impairment is not sufficient to show severity. AR 23. *See Sample v. Schweiker*, 694 F.2d 639, 642-43 (9th Cir. 1989) ("The existence of an emotional disorder . . . is not per se disabling . . . [t]here must be proof of the impairment's disabling severity"). Plaintiff presents no evidence that his obesity affects his impairments and no doctors who examined him in relation to his impairments noted that his obesity was exacerbating any of his conditions. There is no substantial evidence in the record indicating that his obesity, alone or in conjunction with his other impairments, caused functional limitation beyond that assessed by the ALJ in the RFC.

Thus, the ALJ thoroughly considered all the medical and non-medical evidence and the ALJ's RFC finding is supported by substantial evidence and free of legal error.

## C.  *Plaintiff's Credibility*

Finally, Plaintiff contends that the ALJ failed to provide sufficient reasons for discrediting his testimony. The Court disagrees.

An ALJ must make specific findings and state clear and convincing reasons to reject a claimant's symptom testimony unless affirmative evidence of malingering is suggested in the record. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1993); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, pace and limiting effects of those symptoms are not credible to the extent they are inconsistent with the [] residual functional capacity assessment." AR 21.

The ALJ went on to discuss Plaintiff's credibility as follows:

> The claimant had described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. In a function report, the claimant noted no problems with caring for his own personal needs. He indicated that he prepares daily meals, does laundry twice a month, cleans daily for one hour, drives a car, and grocery shops twice a week. The claimant also indicated that he is capable of paying bills, counting change, handling a savings account, and using a checkbook, activities which suggest the claimant is capable of at least simple tasks. The claimant told an examiner that he is able to do basic activities of daily living including dressing, bathing, and light duties around the house. Although he has alleged that he cannot be around other people, he told an examiner that he is able to take a bus by himself and go grocery shopping unattended. He also told the examiner that he can wash dishes and dress and groom himself.

> There is evidence that the claimant stopped working for reasons not related to the allegedly disabling impairment. In his disability report, the claimant indicated that he stopped working nine months before his alleged onset of disability because he went to jail.
>
> The record reflects a significant gap in the claimant's history of treatment. Although the claimant alleges an onset of disability beginning in December 2005, there is no record of relevant medical treatment until January 2007, over one year later.
>
> Despite the complaints of allegedly disabling pain, by his own report, there have been significant periods of time since the alleged onset date during which the claimant has not taken any pain medications or has taken only non-narcotic pain medication. (Internal citations omitted).

AR 22.

Contrary to Plaintiff's contentions, the ALJ properly discounted his subjective complaints based on his inconsistent statements, conservative treatment and daily activities. Congress expressly prohibits granting disability benefits based on a claimant's subjective complaints. 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability"); 20 C.F.R. §§ 404.1529(a), 416.929(a) (an ALJ "will consider" all of a claimant's statements about symptoms including pain, but "statements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). An ALJ is, however, required to make specific credibility findings. SSR 96-7p (credibility finding "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight"); *Thomas,* 278 F.3d at 958-59. An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that he did not "arbitrarily discredit" a claimant's subjective testimony. *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)).

Here, the ALJ provided several good reasons for discounting Plaintiff's subjective complaints. First, the ALJ pointed to inconsistencies between Plaintiff's statements and the evidence. AR 22. For example, although Plaintiff stated at the hearing that he cannot be around people (AR 40), he reported to Dr. Chandler that he took public transportation alone and grocery

shopped unattended.  AR 22, 328-329.  In addition, Plaintiff did not leave work due to a disability but because he was incarcerated for being a felon in possession of a firearm.  AR 22, 46-47, 329.  Inconsistencies between the Plaintiff's statements and the record evidence constitutes an appropriate reason to discount Plaintiff's subjective complaints.  *See Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (*citing Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995); *Thomas*, 278 F.3d at 958-59 (inconsistencies in Claimant's testimony or between testimony and the evidence may be used to discredit subjective complaints); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227-1228 (9th Cir. 2009)(ALJ's credibility determination properly based on claimant's inconsistencies).

Second, the ALJ properly found that despite Plaintiff's allegations of disabling pain, the recommended treatment was conservative.  AR 22.  The ALJ considered Plaintiff's minimal medical treatment and reasonably concluded that it weighed against his allegations of disability.  *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), (v), 416, 929 (c)(3)(iv), (v) (ALJ considers medication usage and treatment history when evaluating credibility); *Parra v. Astrue*, 481 F.3d 742, 750-751 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative course of treatment suggested "a lower level of both pain and functional limitation").  Specifically, although Plaintiff claims his back and neck pain is disabling (AR 36), no significant treatment beyond medication and injections has been recommended to treat it.  As the ALJ noted, although Plaintiff alleges an onset of disability beginning December 1, 2005, there is no record of relevant treatment until January 2007.  AR 22.  Also, despite his allegations that he has pain "every day" which lasts "all day," Plaintiff does not have a sustained record of taking pain medications.  AR 22, 37, 158-159.

Third, the ALJ discounted Plaintiff's complaints because they were inconsistent with Plaintiff's statement that he was able to perform a number of daily activities including prepare meals, do laundry twice monthly, perform daily cleaning, drive, grocery shop, manage money, and care for personal needs.  AR 22, 186-188.  *See Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009 (ALJ properly recognized that the daily activities "did not suggest [that claimant] could return to his old job" but "did suggest that [his] later claims about the severity of his limitations were exaggerated"); *see also Stubbs-Danielson*, 539 F.3d at 1175 (claimant's activities of daily living including cooking, house cleaning and laundry "tend to suggest that the claimant may still be capable of performing the

1    basis demands of competitive, remunerative, unskilled work on a sustained basis").

2        Fourth, the ALJ also found that Plaintiff's allegations of disabling pain were inconsistent

3    with the medical evidence. AR 22-24. No treating physician assessed any functional limitations.

4    In addition, the medical evidence does not support Plaintiff's allegations of disability.  AR 22.

5    *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (While objective medical evidence cannot

6    be the sole basis for rejecting credibility, it remains a relevant factor in evaluating a claimant's

7    credibility). It was proper for the ALJ to consider the medical evidence in assessing Plaintiff's

8    credibility. *See* 20 §§ C.F.R. 404.1529(c), 416.929(c) (requiring consideration of medical history,

9    medical signs and laboratory findings, and objective medical evidence in evaluating the extent and

10   impact of alleged pain).

11       In particular, the ALJ relied on the MRI scan which showed only mild disc disease causing

12   contact with the nerve root.  AR 22, 400.  As the ALJ noted, a surgeon informed Plaintiff that

13   surgery was not indicated. AR 22, 399.  In addition, despite Plaintiff's allegations of debilitating hip

14   and knee pain, the x-rays showed no abnormalities. AR 22, 320.  This is the type of evidence an ALJ

15   can rely on when discounting credibility. *See* Burch, 400 F.3d at 681 (ALJ properly found back pain

16   complaints not credible because the objective medical findings were mild, including "the MRI and

17   x-rays [that] show only mild degenerative disc disease at L5-S1, and mild dextroscoliosis" with "no

18   apparent disc herniation or nerve root impingement").

19       Given the considerations made by the ALJ, the ALJ properly made "a credibility

20   determination with findings sufficiently specific to permit the court to conclude the ALJ did not

21   arbitrarily discredit [the] claimant's testimony." *Thomas*, 278 F.3d at 958.  Consequently, the adverse

22   credibility determination was proper.

23                                  **RECOMMENDATION**

24       Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial

25   evidence in the record as a whole and is based on proper legal standards.  Accordingly, the Court

26   **RECOMMENDS** that Plaintiff's appeal from the administrative decision of the Commissioner of

27   Social Security be **DENIED** and that **JUDGMENT** be entered for Defendant Michael J. Astrue and

28   against Plaintiff Jose Cordova.

1    These findings and recommendations will be submitted to the District Judge pursuant to the

2    provisions of Title 28 of the United States Code section 636(b)(l).  Within fifteen (15) days after

3    being served with these findings and recommendations, the parties may file written objections with

4    the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

5    Recommendations."  The parties are advised that failure to file objections within the specified time

6    may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

7    1991).

8    IT IS SO ORDERED.

9    **Dated:** __**August 7, 2012**__          _____ **/s/ Barbara A. McAuliffe** _____
                                                    UNITED STATES MAGISTRATE JUDGE